JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tyler Smith

## DEFENDANTS

Township of Redford et al

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kama Patel 45863 Tournament Drive, Northville, MI 48168

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___    AMOUNT ___    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

Tyler Smith
_____
*Plaintiff/Petitioner*

City of Redford, Redford Police Dept, Officer Plymel John
Doe, John Doe, John Doe
_____
*Defendant/Respondent*

)
)
)
)
)
)

Civil Action No.

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____N/A_____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

N/A

My gross pay or wages are: $ ___0.00 SSI $1600/mo___ and my take-home pay or wages are: $ ___n/a_____ per
*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment     ❏ Yes      ❏x No      yes rental payments:
(b) Rent payments, interest, or dividends              ❏x Yes      ❏ No       $700/mo
(c) Pension, annuity, or life insurance payments       ❏ Yes      ❏x No
(d) Disability, or worker's compensation payments      ❏ Yes      ❏x No
(e) Gifts, or inheritances                             ❏ Yes      ❏x No
(f) Any other sources                                  ❏ Yes      ❏x No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

SSI $1500/MO
RENT $700/MO
MEDICAID

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____$1500.00_____ .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

no

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Rent $700/mo
Utilities $900/mo

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Robena Smith mother

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

no

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____04/27/2024_____

*T Tyler Smith*
*Applicant's signature*

Tyler Smith
*Printed name*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**TYLER SMITH**

**Plaintiff,**                                    **Case No.**
                                                  **Hon.**
                                                  **JURY DEMAND**

**V.**

**TOWNSHIP OF REDFORD,**
**KEVIN JEZIOROWSKi, in his former capacity as**
**Chief of the REDFORD POLICE DEPARTMENT**
**OFFICER RYAN PLYMEL,**
**OFFICER JOHN DOE,**
**OFFICER JOHN DOE,**
**and OFFICER JOHN DOE,**
**Jointly and Severally,**

**Defendants,**

_____

KAMA PATEL, LLC ESQ. P62237
PATRICK NYENHUIS (P76343)
Attorney for Plaintiff
45863 Tournament Drive
Northville, Michigan 48226
734-377-6233/(313) 244-3500 kama.anaadhi@gmail.com

_____

1

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

/s/ Patrick E. Nyenhuis *Patrick*
Patrick E. Nyenhuis (P76343)

## PLAINTIFF'S COMPLAINT

NOW COMES NOW Plaintiff, TYLER SMITH, by and through his respective attorney, Patrick E. Nyenhuis, hereby files the following COMPLAINT, holding Defendants liable for racial discrimination, disability discrimination and retaliation, and violations of his constitutional rights in violation of Title IX, 20 U.S.C. §1681, Title VII, 42 U.S.C. §2000e-2; The Americans with Disabilities Act, 42 U.S.C. § 12111; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701; the Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. §1983; Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2101 et seq.; and the Michigan's Persons with Disabilities Civil Rights Act, M.C.L. §37.1101 et seq., against Defendants as captioned above.

2

## **PARTIES**

1.   Plaintiff, Tyler Smith  ("Plaintiff") is a resident of the Township of Redford, Wayne County, Michigan.

2.   Defendant Township of Redford Police Department ("Defendants") is a local government agency of law enforcement for the Township of Redford.

3.   The Township of Redford ("Defendants") is a local governmental entity that oversees the Township of Redford Police Department.

4.   At all times relevant hereto, Defendant Kevin Jeziorowski was employed as the Chief of the Redford Township Police Department and was responsible for the hiring, training, supervision, disciplining and retention of deputies by Defendant, Township of Redford Police Department.

5.   Defendant Township of Redford is located in the Eastern District of Michigan, chartered under Article VII, §1 of the Michigan Constitution of 1963.

**6.**   The three Defendants John Doe ("Defendants Doe") and Officer Ryan Plymel are police officers/detectives, employed by the Defendant, Township of Redford Police Department, located in the Township ofRedford, County of Wayne, State of Michigan.

3

## INTRODUCTION

7.    While Black Americans make up only 14% of the state's population, they accounted for a significant number of all traffic stops versus non-Black American traffic stops in 2021 and 2022 with exact percentages to be obtained through discovery.

8.    Notably, racially-motivated vehicular stops are not innocuous encounters. Rather, they are unconstitutional seizures that increase the potential for confrontation, police violence, fatality, unlawful arrest and compounding constitutional violations.

9.    As articulated in the special report Driving While Black: Racial Profiling on Our Nations' Highways, "Race-based traffic stops turn one of the most ordinary and quintessentially American activities into an experience fraught with danger and risk for people of color."

10.    Such fear and danger are fueled by pervasive reports of unlawful police brutality suffered by Black Americans in police encounters, such as the murder of George Floyd, the shooting death of Philando Castile during a traffic stop, the death of Eric Garner in a police chokehold and the November 2020 mauling in which Michigan State Police Trooper unleashed his K-9 on a non-resisting Black man, allowing the dog to maul the man for four minutes before calling him off.

4

## ENUE AND JURISDICTION

**11.**   This Court has Jurisdiction pursuant to Mich Const. Art 1, §11, MCL

440.2716, and U.S. Const. Amend. IV, 42 USC §1983, 28 USC §1331, 28

USC §1343(3) and (4), 28 USC §1983, 28 USC §1367.

**12.**   Venue is proper under 28 U.S.C. §1391(b)(1) and (2), this being a judicial

district where the events giving rise to this action occurred.

## GENERAL
## ALLEGATIONS

13.   Plaintiff incorporates and restates the preceding paragraphs as if

more fully stated herein.

14.   This matter arises out of Plaintiff's rights on June 12, 2023.

15.   Plaintiff is completely paralyzed from the waist down through his

extremities and legs.

16.   Defendant Doe caused a criminal process to be initiated against the

Plaintiff.

17.   As a result of the criminal proceedings being initiated against the

Plaintiff, the Plaintiff incurred both physical and psychological damage.

18.   A three-year statute of limitations applies to an action in tort involving a

personal injury action in Michigan alleging a 1983 claim. According to

 Peterson Novelties, Inc. v. Township of Berkley, 259 Mich.App
1, 15;

5

672 NW2d 351 (2003), a claim does not begin to accrue until the

conviction is vacated. It is well established that in §1983 claims based on malicious prosecution, the statute of limitations does not begin to run until the underlying criminal action is terminated in favor of the accused. Here, there is no underlying criminal matter against Plaintiff arising out of the incident in question of June 12, 2023.

19.  Defendant Doe was on patrol at that time and followed Plaintiff and then activated his overhead emergency lights whereupon, Plaintiff's Driver pulled over to the side of the freeway and was stopped.

20.  Plaintiff alleges that on June 12, 2023, at 01:50 a.m., at an unknown location, an Unknown White-Male Officer with the Township of Redford Police Department stopped the Plaintiff, who was the passenger and another person, the driver, the officer claimed that the reason for the stop was due to Hyundai vehicles being broken into in the area.

21.  The Plaintiff was dragged out of his vehicle and dropped on the ground by Defendants, which caused medical complications and other series of distresses. All injuries were instigated by the Township of Redford Police Department officers during the traffic stop with the Plaintiff.

22.  On July 12, 2023, the body-worn camera footage shows Officer Ryan Plymel (Redford Township Police Department), pulled over the Plaintiff, and non-party Darius Williams, who was operating the vehicle.

23. Officer Plymel approached the vehicle and asked the driver for his driver's license, proof of registration, and insurance.

24. Officer Plymel's alleged "reason" for the stop was that the Redford Township Police Department had been getting complaints of stolen Hyandais in the area. Officer Plymel further explained that he was stopping Williams and the Plaintiff for that purpose.

25. Additional officers responded to the scene and approached the vehicle's passenger, the Plaintiff. The officers requested that the Plaintiff step outside the passenger seat.

26. The Victim responded with, "No, you can't sit me down nowhere. I am paralyzed." Officer Plymel then informed an unknown officer on the scene about the situation and the reason for the stOP.

27. Plaintiff stated to the other officers that he was not getting out of the vehicle, as he was paralyzed and he had already informed the officers of this fact.

28. Based on Pennsylvania v. Mimms (1977), which is commonly used to justify ordering persons out of a vehicle and used by law enforcement officers, officers tend to use this decision for their defense in "ordering" a passenger to vacate the stopped vehicle. The officers can argue "officer safety" regarding having both occupants out of the vehicle at the traffic

stop, but there must exist reasonable suspicion that the officer's safety was at risk, which it was clearly not during this incident.

29. In addition, the officers failed to exercise 'reasonable accommodations' for the Plaintiff, who is paralyzed. The Plaintiff maintained in his interactions with the officers, "I am paralyzed."

30. An unknown black officer was interacting with the Plaintiff, stating, "I can pull you out of the fucking car."

31. Two unknown officers (including the black male officer mentioned above) grabbed the Plaintiff and pulled him out of the car and dragged him to the ground.

32. Officer Plymel then conducted an illegal search of the motor vehicle.

33. The officers failed to contact medical services/EMS to assist in Plaintiff's removal from the vehicle as per standard police protocol.

34. Officers then accused Plaintiff of resisting arrest.

### COUNT I
### Violation of the Americans with Disabilties Act,
### 42 U.S.C. § 12101, et.seq; Disability Discrimination'

35. Plaintiff incorporates the preceding paragraphs by reference herein.

36. Plaintiff is a qualified individual with a disability or disabilities within the meaning of 42 U.S.C. s. 12111(8).

37.   The individual Defendants, Township of Redford and Redford Police Department, Defendants Doe are managers, supervisors and decision makers for Defendants.

38.   Defendants unlawfully discriminated against Plaintiff in whole or in part in the manner set forth in the Investigator Report as attached as Exhibit "A", which Plaintiff being completely paralyzed from the waist down.

39.   Defendants retaliated against Plaintiff where Plaintiff informed Defendants that he was in fact paralyzed from the waist down and could not be moved.

**<u>Violation of the Americans with Disabilties Act,</u>**
**<u>42 U.S.C. § 12101, et.seq; Disability Discrimination'</u>**

40.   Defendants failed and/or refused to afford and/or allow Plaintiff the use of reasonable accommodations to be treated as a person with physical disabilities

41.   Defendants are liable to Plaintiff under the ADA for:

A.   Taking the aforementioned adverse and egregious actions against Plaintiff because of his disability/disabilities;

B.   Failing to afford and/or allow Plaintiff the use of reasonable accommodations;

    C.     Even if Plaintiff is determined to not suffer from a disability or

disabilities, as defined by the ADA, the Defendants unlawfully regarded him as

being disabled and discriminated against him on the basis of such in violation of the ADA.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.

## COUNT  II:  42  U.S.C.  §  1983  EXCESSIVE  FORCE

42.   Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.   As more fully described in the preceding paragraphs and through Discovery, the   intentional misconduct of Defendant Officer Plymel and Officers Doe ("Defendants") toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

44.   Upon information and belief, Defendant Officers were aware of the misconduct of their fellow officers with respect to Plaintiff, had a reasonable opportunity to intervene to prevent it, but failed to do so.

45.    As a direct and proximate result of Defendant Officers use of excessive force,  Plaintiff suffered pain and injuries not limited to emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs, Discovery and which will be proven at trial.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.

## COUNT III: 42 U.S.C. § 1983 FAILURE TO INTERVENE

46.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47.    Police Officers have an obligation to protect citizens from constitutional violations by other fellow officers and any other individual that a fellow officer directs to violate a constitutional right. Therefore, an officer who witnesses other officers violating an individual's constitutional rights is liable to the victim for failing to intervene.

48.    Defendant Officers had a duty to intervene when witnessing Plaintiff being unlawfully assaulted and searched by Defendant Officers. Defendant Officers either partook in the unlawful assault and/or search

and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.    An award of interest, costs and reasonable Attorney fees;

E.    And such other relief as this Honorable Court deems proper and just.

## COUNT IV

### 42 U.S.C. § 1983 VIOLATION OF THE FOURTH AND FOURTEENTH

### AMENDMENTS AGAINST ILLEGAL SEARCH AND SEIZURE

49.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50.    As stated and incorporated herein via the General Allegations, Defendants' deprived.

51.  Defendants also lacked any probable cause to believe Plaintiff committed a traffic violation and there was no basis for a traffic stop.

52.  Defendants lacked any reasonable suspicion that Plaintiff was engaged in or were about to become engaged in the commission of a felony or misdemeanor and there was no basis for a traffic stop.

53.  The detention of Plaintiff for any period of time was not reasonably required and was therefore unlawful.

54.  The detention of Plaintiff, along with the unwarranted search of Plaintiff's vehicle and personal items were unreasonable under the prevailing circumstances and thus violated Plaintiff's right not to be subjected to unreasonable search and seizure guaranteed by the Fourth Amendment of the United States Constitution.

55.  As a direct and proximate result of Defendants actions in violation of 42 USC s 1983, Plaintiff has sustained injuries and damages as outlined in this Complaint.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

14

  A. Actual Damages against all defendants in whatever amount above $75,000 that

   Plaintiff is entitled;

  B. Compensatory damages against all defendants to which Plaintiff is entitled;

  C. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

  D. An award of interest, costs and reasonable Attorney fees;

  E. And such other relief as this Honorable Court deems proper and just.

## <u>OUNT  V</u>

## <u>MONELL  CLAIM</u>
## <u>AGAINST</u>
## <u>Township  of  Redford  and  Redford  Police Department</u>

58. Plaintiff Incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

59. Plaintiff has been subjected to a deprivation of clearly established constitutionally protected rights and privileges secured by the Constitution of the United States, including:

  a.  His Fourteenth Amendment rights as described above; and

  b.  His Fourth Amendment rights as described above.

15

60. The foregoing rights were clearly established at the time of the violations.

61. The deprivations were caused by the customs, policies and established practices of the Redford Police Department acting under color of its statutory and legal authority, including without limitation:

      c. Failing to train the Redford Police Department officers regarding how to properly investigate a crime and ensure there proper evidentiary support concerning stopping, detaining, arresting and assaulting Plaintiff.

      d. Failing to train the Redford Police Department Officers regarding how to properly humanely deal with a person with physical disabilities.

62. Defendant Does and Plymel were state actors acting under color of law.

63. The foregoing violations caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological and physical damages and emotional distress.

64. Plaintiffs' federal constitutional claims are cognizable under 42 U.S.C. 1983.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

     A.    Actual Damages against all defendants in whatever amount above $75,000

         That Plaintiff is entitled ;

     B.    Compensatory damages against all defendants to which Plaintiff is

         Entitled;

  C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

     D.    An award of interest, costs and reasonable Attorney fees;

     E.    And such other relief as this Honorable Court deems proper and just.

## COUNT VI: U.S.C. § 1983 CONSPIRACY

65.    Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

66.    Defendant Officers impliedly or expressly conspired and agreed to violate Plaintiff's Constitutional rights and to cover up their own and each others' misconduct, acting in furtherance of this conspiracy as more fully described above.

67.    As a direct and proximate result of Defendant Officers' conspiracy, Plaintiff suffered pain and injuries not limited to emotional and physical injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in the preceding paragraphs and which will be proven through discovery and trial by jury.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000

That Plaintiff is entitled ;

B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.    An award of interest, costs and reasonable Attorney fees;

E.    And such other relief as this Honorable Court deems proper and just.

## <u>OUNT  VII</u>
## <u>VIOLATION  OF  42  U.S.C.  §  1983  VIOLATION  OF  THE  FOURTEENTH  AMENDMENT  EQUAL  PROTECTION</u>

68.     Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

69.     A traffic stop by a law enforcement officer must be based on observed conduct that gives the officer probable cause to believe there has been violation of a traffic law or regulation; or reasonable suspicion to believe other criminal activity is afoot.

70.     Plaintiff neither violated laws nor engaged in conduct giving rise to reasonable suspicion or probable cause at the time they were stopped by Defendants.

71.     Plaintiff is Black American and Black Americans factually have been subjected to a stop, seizure and search based on their racial identity as has Plaintiff, being Black American.

72.     Defendants' actions were motivated by suspect motive or intent and/or involved reckless or callous indifference to the Plaintiff's rights. Specifically, Defendants willfully and/or maliciously engaged in unconstitutional racial profiling.

73.     The effect of Defendants' actions was racial discrimination against Plaintiff in that drivers and/or passengers of other races who, like Plaintiff was lawfully a

passenger or  operating their motor vehicles, were not stopped and detained in the same way and for the same reasons as Plaintiff.

74.     Defendants' actions and/or omissions approximately caused his injuries.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.

## COUNT  VIII: U.S.C.  s.1983  MUNICIPAL/SUPERVISORY  LIABILITY:  DEFENDANT  TOWNSHIP  AND  REDFORD  AND  DEFENDANT  OFFICER  LIEUTENANT  DOE

75.     Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

76.     Defendant Officer Lt. Doe was the supervising officer of Defendant Officers Doe and Officer Plymel, fully participating in the unlawful search as described above in all of the preceding paragraphs.

77.     Defendant Officer Lt. Doe and the Defendant Township of Redford acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

    56.     These customs, policies, and/or practices included but were not limited to the following:

        a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

        b. Failing to adequately train and/or supervise officers regarding the proper use of force;

78.     The misconduct described in preceding paragraphs has become a widespread practice and so well settled as to constitute de facto policy in the Redford Police Department. This policy was able to exist and thrive because governmental

policymakers have exhibited deliberate indifference to the problem thereby ratifying it.

79.    The widespread practice described in preceding paragraphs was allowed to flourish because Defendant Township of Redford Police Department has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

80.    The  policies and practices of Defendant Township of Redford directly and proximately led to the injuries Plaintiff suffered at the hands of Defendant Officers and Unknown Defendant Officers.

81.    As a direct and proximate of said Constitutional Violations Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.    Compensatory damages against all defendants to which Plaintiff is
       Entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff
is entitled;

     D.    An award of interest, costs and reasonable Attorney fees;

     E.    And such other relief as this Honorable Court deems proper and
    just.

### COUNT IX: STATE LAW ASSAULT AND BATTERY

82.    Plaintiffs incorporate herein by reference all of the above paragraphs of this
Complaint as though fully set forth herein at length.

83.    Defendant Officers, while acting within the scope of their employment did
threaten and/or cause Plaintiff to be threatened with involuntary, unnecessary and
excessive physical contact as described above and said acts constituting assault and
battery upon his person.

84.    Said physical contact and/or threat of contact was unnecessary and
excessive; furthermore, said physical contact no Plaintiff was without legal
justification.

85.    As a direct and proximate result of Defendant Officers' aforementioned
assault and/or battery upon Plaintiff and/or the failure to stop the unnecessary
threat and/or use of force, Plaintiff suffered pain and injuries not limited to
emotional and physical injuries, all past, present and future as well as loss of

enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven through Discovery and through a trial by Jury.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.     Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.     An award of interest, costs and reasonable Attorney fees;

E.     And such other relief as this Honorable Court deems proper and just.

## OUNT  X
## NEGLIGENT  INFLICTION  OF  EMOTIONAL DISTRESS

86.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

87.    Defendants and others, engaged in extreme and outrageous conduct by subjecting the Plaintiff to the criminal process without proper proof and without

performing a thorough investigation before making false statements to the Plaintiff and to dispatch initially.

88.     The extreme and outrageous conduct by Defendants Doe and Defendant Officer Plymel and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

89.     As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress and emotional and physical injuries.

90.     As a direct and proximate consequence of Defendants actions, Plaintiff suffered damages including but not limited to, physical and emotional harm, pain and suffering, fear and emotional distress.

WHEREFORE, Plaintiff request this Honorable Court enter Judgment against Defendants providing the following relief:

A.     Actual Damages against all defendants in whatever amount above $75,000 that Plaintiff is entitled;

B.     Compensatory damages against all defendants to which Plaintiff is entitled;

C.      Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.      An award of interest, costs, and reasonable Attorney fees;

E.      And such other relief as this Honorable Court deems proper and just.

## COUNT XI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

92.     At all relevant times, Defendants were charged with knowledge of the laws as it pertains to investigations regarding whether a crime, violation or infraction had been committed and what evidentiary support is required to prove said crime, violation or infraction.

93.      Despite knowledge of the foregoing facts and law, Defendants intentionally recklessly and/or maliciously engaged in actions and conduct set forth above.

94.     Defendants' conduct was extreme and outrageous.

95.      As a result of Defendants' extreme and outrageous conduct, Plaintiff sustained severe emotional distress, as well as damages set forth herein.

26

WHEREFORE, Plaintiff request this Honorable Court enter Judgment against Defendants providing the following relief:

A.    Actual Damages against all defendants in whatever amount above $75,000 that
Plaintiff is entitled;

B.    Compensatory damages against all defendants to which Plaintiff is entitled;

C.    Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

D.    An award of interest, costs, and reasonable Attorney fees;

E.    And such other relief as this Honorable Court deems proper and just.

Dated: 05/01/2024                               Respectfully Submitted,


                                                /s/  Patrick  E.  Nyenhuis
                                                _____

                                                PATRICK E. NYENHUIS
                                                Attorney for Tyler Smith
                                                615 Griswold Street, Suite 1325
                                                Detroit, Michigan 48226

_____

27