UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER SMITH,

    Plaintiff,

v.

TOWNSHIP OF REDFORD, et al,

    Defendants.
_____/

Case No. 2:24-cv-11822

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 35), DISMISSING DEFENDANTS' MOTION TO DISMISS AS MOOT (ECF No. 24), AND GRANTING COUNSEL'S MOTION TO WITHDRAW (ECF No. 38)**

**I.**

On July 15, 2024, Plaintiff Tyler Smith filed a complaint alleging various civil rights violations against Defendants Redford Township (Redford), Redford police officers, and Redford's former chief of police. ECF No. 1. On June 19, 2025, Smith moved to file an amended complaint to correct several "clerical, citation and factual errors," ECF No. 15 at PageID.125, which the Court granted upon stipulation of the parties. ECF No. 20. On August 22, 2025, Smith filed his amended complaint, ECF No. 21, identifying the previously unnamed officers as defendants, clarifying the factual allegations, and removing counts and defendants that were included in Smith's original complaint, ECF No. 1, but had since been dismissed, *see* ECF Nos.

3; 19; 23. On September 4, 2025, Defendants moved to dismiss Smith's amended complaint. ECF No. 24. Smith filed a response opposing Defendants' motion, ECF No. 27, and Defendants filed a reply, ECF No. 28.[1]

But, on November 1, 2025, Smith moved for leave to file a second amended complaint, arguing that the request was made in good faith, a timely manner, and in the interest of justice "to add additional factual allegations and legal claims arising from the same June 12, 2023 traffic-stop incident that forms the basis of this action," as well as to "clarify the [g]eneral [a]llegations that pertain to those counts," and add a supplemental police expert report. ECF No. 31 at PageID.321, 330. Smith also argued that the amended complaint would "not cause delay or prejudice" to Defendants because "[n]o scheduling order has yet been entered, no discovery has begun, and no responsive pleadings addressing the merits of the proposed new claims have been filed." *Id.* at PageID.322, 332–33.

Then on November 23, 2025, Smith filed a notice of withdrawal of his motion, ECF No. 34, only to file a new motion for leave to file a second amended complaint the following day for effectively the same reasons as the previous motion provided, ECF No. 35. Defendants opposed the motion, arguing that the delays, deficient pleadings, and new burden of preparing against other claims is prejudicial. ECF No.

---

[1] This case was reassigned from Judge Nancy G. Edmunds to Judge Susan K. DeClercq on October 24, 2025. *See* ECF No. 29.

36. Smith replied that the amended complaint was not "untimely, futile, and prejudicial" because it "clarifies factual allegations, narrows issues, and incorporates" an expert report to increase efficiency. ECF No. 37 at PageID.582.

On January 12, 2026, one of Smith's attorneys, Kama Patel, moved to withdraw for medical reasons. ECF No. 38. Patel noted her co-counsel, Patrick Nyenhuis, would remain as Smith's representation. *Id.*

## II.

Under Civil Rule 15(a)(2), after 21 days has passed since a pleading was served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). When deciding on a motion to amend, courts consider the following factors: "undue delay or bad faith in filing the motion, repeated failures to cure previously identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019). Specifically, "repeated failure to cure deficiencies by amendment despite an opportunity to do so constitutes a sufficient basis on which to deny a request for leave to amend." *Ogle v. Hocker*, No. 02-73200, 2004 WL 7340719 at *1 (E.D. Mich. Aug. 5, 2004). A proposed amendment is futile if it "could not withstand a Rule 12(b)(6) motion to dismiss." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d

- 3 -

912, 918 (E.D. Mich. 2022) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

After consideration of these factors and reviewing Smith's complaints and briefs in support, this Court finds sufficient bases to grant the motion. Although the case has been ongoing for 17 months, it is still at an early stage in the proceedings and several of the delays have not been because of Smith's filings. *See Knight Cap. Partners*, 930 F.3d at 786. Moreover, the proposed amended complaint does not appear entirely futile. *See Caterpillar Inc.*, 581 F. Supp. 3d at 918–20 (noting that additional content that does not meaningfully alter the arguments and that is plausible is not futile for amendment purposes). Some claims may not survive a motion to dismiss, as Defendants allege, but because there is at least one claim that appears facially plausible, the proposed amended complaint is not futile. *See id.*; *see also Halasz on behalf of H.H. v. Cass City Pub. Schs.*, 748 F. Supp. 3d 482, 493–94 (E.D. Mich. 2024) (noting that under *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), the proposed amended complaint need only show "sufficient factual matter, accepted as true," to state a facially plausible claim").

That said, because this is the second amended complaint in a case where two motions to dismiss have been briefed, the record suggests that Smith's counsel could have cured the factual deficiencies and brought these additional claims in the first

amended complaint. *See Nino v. Flagstar Bank, FSB*, 766 F. App'x 199, 204 (6th Cir. 2019) (affirming the district court's denial of leave to amend because the "Plaintiff has had ample opportunity to amend the complaint, but has failed to do so" throughout over a year of litigation); *see also Wilkins v. Bush*, No. 2:22-cv-11937, 2022 WL 16925958 at *3 (E.D. Mich. Nov. 14, 2022) (finding that this factor weighed against a plaintiff who sought to file a second amended complaint but who "failed to voluntarily cure the deficiencies from the original complaint in her first amendment").

Therefore, this Court warns Smith and his counsel that this Court will not grant any subsequent motions for leave to amend so as to expedite this case beyond the pleadings stage and cease "the revolving door" of new complaints, as Defendants aptly describe. ECF No. 36 at PageID.555. Otherwise, the cumulative effect of repeated amendments could cause undue delay and prejudice by requiring Defendants to "expend additional resources to defend against new claims." *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)).

This Court also recognizes that Defendants filed a motion to dismiss. ECF No. 24. Because Smith may file an amended complaint, this motion to dismiss the previous complaint is now moot. To promote judicial economy and "the just, speedy, and inexpensive determination" of the action, FED. R. CIV. P. 1, the Court will deny

this motion without prejudice and allow Defendants to answer or file a renewed motion to dismiss the second amended complaint once it is filed.

Finally, this Court finds good cause to grant Patel's motion to withdraw, because serious health issues are a valid reason to withdraw and her withdrawal will not prejudice the parties. *See Ross v. MMI Asset Mgmt. Grp., LLC*, No. 24-10342, 2024 WL 1184685, at *1 (E.D. Mich. Mar. 19, 2024) (finding good cause to grant an attorney's motion to withdraw because her health issues would impact her ability to represent her client to the profession's standards); *see also Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (citing the Michigan Rules of Professional Conduct 1.16(a)(2)); E.D. Mich. LR 83.25(b).

### III.

Accordingly, it is **ORDERED** that Plaintiff Motion to for Leave to File Second Amended Complaint, ECF No. 35, is **GRANTED**. Plaintiff may file a second amended complaint **within 28 days** of the date of this Order.

It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 24, is **DENIED WITHOUT PREJUDICE** as moot. Defendants may answer or otherwise respond to the second amended complaint **within 60 days** of its filing.

It is further **ORDERED** that Kama Patel's Motion to Withdraw as Counsel, ECF No. 38, is **GRANTED**.

**This is not a final order and does not close the above-captioned case**.

                                                          <u>*/s/Susan K. DeClercq*</u>
                                                          SUSAN K. DeCLERCQ
                                                          United States District Judge

Dated: January 15, 2026